## CITY OF LEESBURG v. BURTON.
### No. 82.
Circuit Court, Lake County, Criminal Appeal.
October 22, 1968.

W. B. Hunter, Tavares, for the appellant.

R. Dewey Burnsed, Leesburg, for the appellee.

W. TROY HALL, Jr., Circuit Judge.

This cause came on for hearing and argument on the notice of appeal and assignments of error by the appellant, Sam T. Burton, and the court having heard argument by the attorneys for the parties finds that the primary issue raised is whether the trial judge relied solely upon the "drunkometer" test or whether he used it only as corroborating evidence.

The lower court judge specifically said that he did not consider it a particularly strong case. At the conclusion of the case, the trial judge stated that he gave the "drunkometer" test considerable weight. There being no reason given in the finding by the trial judge other than the finding that based upon the "drunkometer" test, the defendant was intoxicated, this court holds that the trial judge committed error.

The result of a "drunkometer" test alone, is not sufficient for conviction. Such proof must be supported by the testimony of witnesses at the trial. Miami v. Gill, 6 Fla. Supp. 122 (1949); Leesburg v. Pemburton, 3 Fla. Supp. 133 (1953). Definite and strong corroboration is required before a person should be convicted on the basis of a test of the nature of the "drunkometer" test. Miami v. Turcotte, 1 Fla. Supp. 14 (1951).

For these reasons it is ordered and adjudged that the judgment entered by the judge of the municipal court of the city of Leesburg be and the same is hereby reversed.